UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDUARDO RAMIREZ RAMIREZ,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. C26-1096-RSM

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on Petitioner Eduardo Ramirez Ramirez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the petition, the Return filed by the Government, Dkt. #4, a Reply, Dkt. #7, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #5.

Petitioner is a citizen of Mexico who entered the United States without inspection on an unknown date at an unknown location. On October 7, 2024, the U.S. Office of Enforcement and Removal Operations received a biometric alert after Petitioner was booked into the Whatcom County Jail in Bellingham, Washington. *See* Dkt. #6-1. Available information from law enforcement provided that Petitioner "had prior immigration encounters and that he was present in the U.S. without authorization[,]" indicating that Petitioner has been released from immigration custody before. *Id.* at 2.

On July 10, 2025, Petitioner was arrested and transferred to Northwest ICE Processing Center ("NWIPC"). He was issued a Notice to Appear that alleged he was removable pursuant

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  *See* Dkt. #6-2. Petitioner later submitted his Application for Asylum and for Withholding of Removal.  *See* Dkt. #1-2.

On September 24, 2025, an immigration judge ("IJ") ordered Petitioner removed from the United States but granted withholding of removal to Mexico under the INA, which states that a noncitizen cannot be removed to a country where his "life or freedom would be threatened . . . because of the [noncitizen's] race, religion, nationality, membership in a particular social group, or political group."  INA § 241(b)(3).

A declaration from the Government's Deportation Officer indicates that Petitioner was served a Notice of Removal to Honduras on November 10, 2025, two more Notices of Removal to Honduras and El Salvador on March 3, 2026, and another two Notices of Removal to Honduras and Guatemala on April 6, 2026, but "Petitioner refused to sign the documents."  Dkt. #5 at ¶¶ 9-11.  The Deportation Officer states that "Petitioner was also served with a Form I-229(a), Warning for Failure to Depart," on April 6 "for his failure to comply with his removal order document on that same date."  *Id*. at ¶ 11.  He further states that, "[o]n April 7, 2026, ERO sent an email to the Honduras attaché asking them to accept Petitioner[,]" that the Government "is still working . . . to find a third country that will accept Petitioner[,]" but they "believe[] there is a significant likelihood of removal in the reasonably foreseeable future" to "Honduras, El Salvador, or Guatemala."  *Id*. at ¶¶ 12-13.  The record does not indicate that Petitioner is a citizen or resident of any other country or that he has lived in any country other than Mexico and the United States.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

U.S.C. § 2241(c)(3).  In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V.  The right to due process extends to "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022).  Petitioner discusses the application of the *Mathews* text here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was arrested, has been detained for months, and remains in custody undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest is high under the facts of this case unless the Government provides adequate notice of the reasons for his continued detention and a meaningful opportunity to respond.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing to determine flight risk or danger to the community. The Government clearly has an interest in detaining removable noncitizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner is detained for over six months and cannot be deported, and the Government makes no argument that he is a flight risk or danger to the community, the Government fails this factor. The Court finds that the Government's interest here is low. *See also E.A. T.-B.*, *supra*. Accordingly, the Court finds that the *Mathews* factors weigh in Petitioner's favor.

Petitioner has been held in detention for almost seven months since his removal order became final, over nine months total. Although there is no statutory time limit on detention pursuant to 8 U.S.C. § 1231(a)(6), the Supreme Court has held that a noncitizen may be detained

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4

only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689.  The Supreme Court has further identified six months as a presumptively reasonable time to bring about a noncitizen's removal. *Id*. at 701. Once it is determined that there is no significant likelihood of removal in the reasonably foreseeable future, noncitizens may be released on an Order of Supervision. 8 C.F.R. § 241.13(h).  This can be revoked on account of changed circumstances where there is a significant likelihood of the noncitizen's removal in the reasonably foreseeable future.  8 C.F.R. § 241.13(i)(2).

The IJ granted withholding of removal to Mexico. *See* Dkt. #6-3.  Petitioner has no other citizenship or proven ties to another country, and there is no evidence of any third country's willingness to accept Petitioner.  A granting of withholding of removal "is a powerful indication of the improbability of his foreseeable removal, by any objective measure." *Nadarajah v. Gonzales, 443 F.3d 1069, 1081* (9th Cir. 2006); *Saadhom v. Bondi*, CASE NO. 2:26-cv-00425-TL, 2026 WL 698786, at *3 (W.D. Wash. Mar. 12, 2026) (collecting cases).  Given the facts here, the Court finds that Petitioner has met his burden of showing no significant likelihood of removal in the reasonably foreseeable future.

The Government has the burden to "respond with evidence sufficient to rebut that showing." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 723 (W.D. Wash. 2025) (quoting *Zadvydas*, 533 U.S. at 701).  The Government's only evidence that removal is "reasonably foreseeable" is generalized representations without evidence.  The Court agrees with Petitioner that the Government "fail[s] to provide evidence of the likelihood of Mr. Ramirez Ramirez's removal in the reasonably foreseeable future" and "provide[s] no evidence to rebut Petitioner's valid belief that removal to any country is not reasonably foreseeable." Dkt. #7 at 7.  As Petitioner states, "[i]n lieu of any evidence[,]" the Government instead "attempt[s] to shift blame to Mr. Ramirez

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 5

Ramirez for their failures[.]" *Id*. at 4. Although the Government accuses Petitioner of noncooperation, *see* Dkt. #4 at 6-7, this accusation is not tied to any concrete plan for removal to a specific country. The Government's only indication of action is "an email sent to the Honduras attaché" and vague statements of work "to find a third country that will accept the Petitioner" while Petitioner remains in prolonged detention. Dkt. #5 at ¶¶ 12-13. This is not obstruction – it is blaming an asylum seeker for not having ties to third, fourth, or fifth countries. *See Saadhom*, 2026 WL 698786, at *4 ("The Court is perplexed and confounded by Respondent's insistence that the burden of facilitating removal should be shifted to someone who they themselves hold in a prison-like setting" and "finds unfounded Respondent's assertion that Petitioner's actions represent a 'refusal to cooperate[.]'"). Under the above law, immediate release is warranted.

Having reviewed the relevant briefing and remainder of the record, the Court hereby finds and ORDERS:

(1) Petitioner's habeas petition is GRANTED.

(2) Petitioner shall be released from custody immediately and may not be re-detained without providing adequate notice of the proposed country of removal, the reasons for his re-detention, and a meaningful opportunity to respond.

(3) Within forty-eight (48) hours of Petitioner's release, the Government shall submit to the Court a declaration confirming his release, including the date and time.

DATED this 21st day of April, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 6